# E. T. DAVENPORT ET AL.

## v.

# COMMISSIONERS OF DRAINAGE DISTRICT.

*Drainage—Special District—Enlargement—Election of Commissioners
—Electors.*

1. Special drainage districts may be enlarged.
2. It seems that the provisions of the Drainage Act, authorizing the election of Commissioners by owners of land in the district exclusively, and without regard to their residence or sex, is not in contravention of Sec. 1, Art. VII, of the Constitution.

[Opinion filed May 24, 1887.]

APPEAL from the Circuit Court of Mason County ; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. I. R. BROWN and J. A. CONNOLLY, for appellants.

Messrs. E. A. WALLACE and H. R. NORTRUP, for appellees.

*Per Curiam.* This was a petition for *certiorari* to review the proceedings by which the lands of petitioners, appellants, were sought to be and are claimed to have been brought within the district named by its enlargement. On hearing upon the return the writ itself was quashed.

No point is made upon any supposed want of conformity in these proceedings to the provisions of the statute, if power is thereby given to enlarge this class of districts, which is denied, and the question is new.

By Sec. 52 of the "Act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named," approved June 27, 1885, it is declared of Commissioners of special drainage districts, that they "shall be a body politic and corporate, with like powers as herein conferred upon other Drainage Commissioners, either by this act or other laws of this State."

"Special Drainage Districts" differ from others, so far as need be here stated, in that (1) they embrace lands in three or more towns, or lands which in whole or part are in a county or counties not under township organization, while others embrace lands wholly in counties under such organization and are either confined to lands in one town only, which are known simply as "Drainage District No. — of the town," etc. (Sec. 7), or in two where they are known as "union district of the towns" etc. (Sec. 48); and (2) that the Commissioners are elected by the adult owners of the lands embraced in them, while in simple drainage districts the Commissioners of Highways are the Drainage Commissioners "in and for all drainage districts in their respective towns," (Sec. 7), and in union districts the Commissioners are three of the Highway Commissioners, selected, a part from each town, by the clerk of the one in which the greater part of the district lies (Sec. 48).

By Sec. 42 it is provided, as to simple drainage districts, that "the Commissioners may at any time enlarge the boundaries of their district, by attaching new areas of land, which are involved in the same system of drainage, and require for outlets the drains of the district made or proposed to be made, as the case may be, on petition of as great a proportion of the land owners of the district so enlarged, as is required for an original district.

Sec. 48, relating to union districts, declares that the "Commissioners shall have like powers and duties as provided for such officers in districts wholly in one town;" and it is admitted that this gives them the power of enlargement, under such circumstances and upon such petition as are described in said Sec. 42.

Why, then, should not the like declaration in Sec. 52, first above quoted, operate with like effect in favor of Commissioners of special drainage districts?

The only reason presented in argument for excepting them from the grant of this particular power is, that on general principles the powers of a municipal corporation are such only as can be exercised within the territorial limits of the munici-

pality, and to make its admitted grants to districts of the other classes consistent with this proposition, it is said these Commissioners are the Commissioners of Highways, whose municipalities are their respective towns.

But general principles, as a limitation of such powers, do not bind the Legislature, nor furnish rules of construction to the courts where its intention is so plainly expressed. If this is such a power, the statute nevertheless clearly gives it in terms to Commissioners of simple drainage districts; for they have no greater or other power, as such, than they would have if they were not Highway Commissioners, and it is as Drainage Commissioners only, officers of a distinct municipal corporation, that they can enlarge their drainage districts. Nor do they in fact enlarge them by their own act. They are agents of the land owners of the district as proposed to be enlarged, just as they are in its original establishment. It is the positive and deliberate request, in the form prescribed by law, of the parties to be affected by the exercise of this power, that calls it into exercise, and so the general principle referred to is not thereby violated.

Every objection to its exercise by special Drainage Commissioners applies with equal force to the others, and every reason for its possession by the latter with like force to them.

We find appended to the printed argument of counsel a suggestion in writing that the provisions of the Drainage Act authorizing the election of these Commissioners by owners of land in the district, exclusively, and without regard to their residence or sex, is in contravention of Sec. 1, of Art. VII, of the Constitution.

If this point were seriously made they should have taken their appeal to the Supreme Court. But we do not regard it as involving a substantial question. The constitutional provisions referred to have, in our opinion, no more application here than to elections of directors of private corporations.

*Judgment affirmed.*